**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

JEFFREY S. JACOBSON
EMAIL:jjacobson@kelleydrye.com

November 3, 2016

**VIA ECF**

Hon. Colleen McMahon
Chief United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 24A
New York, New York 10007

    **Re:**    *Casper Sleep, Inc. v. Derek Hales and Halesopolis LLC*, No. 16 CV 3223 (CM)

Dear Judge McMahon:

       We represent defendants Derek Hales and Halesopolis LLC ("Defendants") in the above-referenced action. Earlier today, Plaintiff Casper Sleep, Inc. ("Casper") submitted a letter seeking "clarification" of the Court's October 20, 2016 Memorandum Decision and Order denying in part and granting in part Defendants' motion to dismiss (the "Decision"). Specifically, Casper asks the Court to state that it did *not* "dismiss[] Casper's Lanham Act claim," although footnote 6 of the Decision says that it exactly what the Court did. Casper also seeks clarification that the Court did *not* limit Casper's surviving claim under New York Gen. Bus. Law ("GBL") § 349 — the claim over which footnote 6 stated the Court was "retain[ing] jurisdiction" — to the first four statements listed on page 12 of the Decision, and repeated in Casper's letter. These, however, were the only four statements the Court found potentially actionable, after explicitly saying the rest are not.

       A response from Defendants may be unnecessary, but in the event a brief response may be of use to the Court, Defendants respectfully offer the following:

       As the Court knows, this matter concerns opinion reviews and other content posted on a website operated by Defendants, www.sleepopolis.com ("Sleepopolis"), discussing the comparative merits of mattresses that can be purchased online. Casper's complaint challenged as false and misleading a raft of statements on Sleepopolis, and Defendants moved to dismiss Casper's complaint in its entirety. In considering Defendants' motion to dismiss, the Court divided the challenged statements into three groups.

**KELLEY DRYE & WARREN LLP**

November 3, 2016
Page Two

First, the Court considered "Hales's Mattress Reviews," and found all of them to be non-actionable statements of opinion. Decision at 7-10. Second, the Court considered Defendants' statements in several places on Sleepopolis about "Hales's Disclosure of His Affiliate Marketing Relationships." *Id.* at 11. The Court found these statements all to be non-actionable, too, because they are not even allegedly false, and because to the extent Casper was attempting to claim that Defendants omitted material facts, Casper had not tied any asserted omissions to an affirmative statement on Sleepopolis that Casper claimed to be false or misleading. *See id.* at 11-12. Finally, the Court turned to a series of "Statements About Influence" that appeared only on a separate "Disclosures" page of Sleepopolis. *Id.* at 12. The Court found the first four listed statements to be potentially actionable, because "[t]hey contain verifiable facts that are alleged to be false, and Casper has properly connected those statements of fact to its alleged injuries."[1] *Id.* The remaining statements, the Court found, are not actionable. *See id.* at 13-14.

The Court stated in footnote 6 of its opinion that it was dismissing Casper's Lanham Act claim in its entirety, but allowing Casper's claim under GBL § 349 to survive, ostensibly because Casper had pleaded diversity of citizenship (which Defendants agree exist) and an amount in controversy exceeding $75,000. *See* Decision at 15 n.6. The Court's discussion of Casper's GBL § 349 claim consisted only of a finding that Casper need not have pleaded a harm to the public at large. *See id.* at 14-15. The Court did not rehearse its analyses of Defendants' challenged statements, did not say that any statements other than the first four listed on page 12 of the Decision are actionable under any theory Casper has asserted, and gave no reason for Casper to believe that they might be.

Whether the Court intended to allow Casper to challenge the first four statements on page 12 pursuant to GBL § 349 only, or under that statute and the Lanham Act, is relevant only to the issue of damages — specifically, whether Casper can seek damages only relating to alleged deception of consumers *in New York*, as would be the extent of its potential damages in a GBL § 349 claim. That is no small matter, however, and Defendants agree with Casper that if the Court did not intend footnote 6 to mean what Defendants believe it plainly says, clarification would aid the parties and the Court. Ultimately, however, Defendants' forthcoming motion for summary judgment will demonstrate both that the challenged statements are true, and thus could not have misled consumers in New York or anywhere else, and also that the challenged statements were viewed by too few people for them to have possibly been a material cause of Casper's alleged lost sales. That motion will defeat Casper's claims under any potential theory.

---

[1] Defendants filed a motion for reconsideration, on the basis that the Court did not address their arguments that Casper had failed plausibly to plead the *materiality* of these statements. The Court denied this motion without requiring Casper to oppose it, but stated that Defendants may file a motion for summary judgment when appropriate. Defendants are preparing that motion.

**KELLEY DRYE & WARREN** LLP

November 3, 2016
Page Three

      With respect to which statements on Sleepopolis remain at issue in this action, Defendants do not believe that Casper has any basis to believe that "clarification" is necessary. The Court's analysis of that issue was detailed and clear. Casper is correct, however, that if Defendants have misinterpreted the Court's opinion, clarification on this issue would be warranted and appreciated.

Respectfully yours,

Jeffrey S. Jacobson

cc:     Craig B. Whitney, Esq.